**WO**                                                                            JKM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linden Winston Graham,<br><br>    Petitioner,<br><br>vs.<br><br>Alberto Gonzales, et al.,<br><br>    Respondents. | No. CV 04-2796-PHX-EHC<br><br>**TRANSFER ORDER** |

Pending before the Court are Petitioner's Motion for Permanent Restraint Order (Doc. #9), Respondents' Motion to Transfer (Doc. #11), Petitioner's Motion to File Late Response (Doc. #18) Petitioner's Motion to Appoint Investigator (Doc. #22) and Petitioner's Motion to Compel Discovery (Doc. #24). Petitioner's Motion to File Late Response will be granted. Respondents' Motion to Transfer will also be granted and this action will be transferred to the United States Court of Appeals for the Ninth Circuit pursuant to the REAL ID Act of 2005.

**BACKGROUND**

On December 6, 2004, Petitioner Linden Winston Graham (A24-594-709), who is confined in the Eloy Detention Center in Eloy, Arizona, filed a *pro se* Petition for Review Pursuant to 28 U.S.C. § 2201 and 8 U.S.C. § 1252(b)(5). On June 14, 2005, the Court granted Petitioner's request for leave to file an amended petition. The Court also granted a temporary stay of removal which was to remain in effect pending further order if Petitioner

filed a proper motion for stay of removal by June 28, 2005. Because Petitioner filed a Motion for Permanent Restraint Order (Doc. #9) on June 24, 2005, seeking a stay of removal, the temporary stay of removal previously entered by the Court remains in effect.

In his Amended Petition (Doc. #6), Petitioner alleges that an immigration judge entered an order for his removal to Jamaica, but that the Board of Immigration Appeals ("BIA") subsequently remanded the matter to the immigration judge for a second hearing on Petitioner's claim that he is a citizen of the United States. Following the second hearing, the immigration judge again found petitioner removable to Jamaica. Petitioner claims that "his Due Process Rights in deportation proceedings were violated" and that the immigration judge's removal decision is improper because an immigration official falsely testified that Petitioner admitted that he was born in Jamaica during an interview in a California prison. Amended Petition at 13-14.

## MOTION TO TRANSFER

Respondents have filed a Motion to Transfer (Doc. #11) arguing that the Court's jurisdiction over this matter has been eliminated by the enactment of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). Respondents request that this action be transferred to the United States Court of Appeals for the Ninth Circuit pursuant to § 106(c) of the REAL ID Act.

As amended by the REAL ID Act, 8 U.S.C. § 1252(a)(5) now provides in relevant part:

> (5) EXCLUSIVE MEANS OF REVIEW. – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).

REAL ID Act §106(a)(1)(B). By this amendment, Congress has deprived this Court of habeas corpus jurisdiction to review an order of removal entered under the Immigration and Nationality Act. Moreover, § 106(b) of the REAL ID Act provides that § 106(a) of the Act is retroactive: "subsection (a) shall take effect upon the date of enactment of this division and

1  shall apply to cases in which the final administrative order of removal, deportation, or
2  exclusion was issued before, on, or after the date of enactment." REAL ID Act § 106(b).

3      In addition to stripping the district courts of jurisdiction to review orders of removal,
4  the REAL ID Act also "restored judicial review of constitutional claims and questions of law
5  presented in petitions for review of final removal orders" in the courts of appeals.
6  Fernandez-Ruiz v. Gonzales, 410 F.3d 585, 587 (9th Cir. 2005). Under the prior version of
7  8 U.S.C. § 1252(a)(2)(C), the courts of appeals were deprived of jurisdiction to review
8  removal orders entered against certain criminal aliens. But § 106(a)(1)(A)(iii) of the REAL
9  ID Act restored jurisdiction in the courts of appeals to review removal orders entered against
10 criminal aliens:

> (D) JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS. – Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

15 REAL ID Act §106(a)(1)(A)(iii); Fernandez-Ruiz, 410 F.3d at 587. Additionally, § 106(c)
16 of the REAL ID Act provides that if any § 2241 habeas corpus case "challenging a final
17 administrative order of removal . . . is pending in a district court on the date of enactment,
18 then the district court shall transfer the case . . . to the [appropriate] court of appeals." REAL
19 ID Act §106(c).

20     Respondents argue that because Petitioner challenges immigration proceedings that
21 resulted in a final order of removal,[1] this Court lacks jurisdiction and must transfer the case
22 to the United States Court of Appeals for the Ninth Circuit under § 106(c) of the REAL ID
23 Act. Petitioner opposes Respondents' Motion to Transfer on the grounds that his underlying
24 petition "is not challenging his final administrative order." Opposition to Respondents
25 Motion To Transfer (Doc. #13) at 1. But he also asserts that his claim in this action is that
26 he "is not subject to the authority of been [sic] placed in any removal hearings without

---

[1] The BIA affirmed the immigration judge's second removal order on September 13, 2004.

- 3 -

renounciation [sic] of his United States Citizenship." <u>Id.</u> at 2. In his Amended Petition in this action, Petitioner challenges his removal proceedings on the grounds that he is a citizen of the United States. Because those proceedings resulted in a final order of removal, the Court finds that Petitioner is effectively challenging a final order of removal.

Petitioner also notes that on May 25, 2005, he filed a separate petition with this Court expressly challenging his final order of removal. <u>See</u> <u>Graham v. Gonzalez</u>, CV 05-1559-PHX-EHC (MS) (D. Ariz. petition filed May 25, 2005). Petitioner argues that only that case, not this case, challenges his final order of removal. But if the Court were to accept Petitioner's argument on this point, Petitioner would probably be left without any avenue for judicial review of his removal order. That is so because §106(a)(1)(B) of the REAL ID Act stripped this Court of jurisdiction to review Petitioner's removal order in both this case and in CV 05-1559-PHX-EHC (MS). Moreover, because the petition in CV 05-1559-PHX-EHC (MS) was filed after the effective date of the REAL ID Act, it is not subject to transfer under §106(c) of the Act. REAL ID Act §106(c) (if a § 2241 habeas corpus case "**is pending** in a district court **on the date of enactment**, then the district court shall transfer the case . . . to the [appropriate] court of appeals") (emphasis added). Thus, if the Court were to accept Petitioner's argument that this case is not subject to transfer under the REAL ID Act, neither case would be subject to transfer and both cases would have to be dismissed for lack of jurisdiction. Transfer of the instant action to the court of appeals as a petition for review from a final order of removal appears to be the only way to preserve Petitioner's right to judicial review of the removal order.[2]

Accordingly, Respondents' Motion to Transfer will be granted and this action will be transferred to the United States Court of Appeals for the Ninth Circuit. Because Petitioner's

---

[2] Additionally, the Court notes that even if transfer of this action were not required under the REAL ID Act, transfer would be appropriate under 28 U.S.C. § 1636 because the courts of appeals retain exclusive jurisdiction under 8 U.S.C. § 1252(b)(5) to review a claim by a criminal alien in removal proceedings that he is a citizen of the United States. <u>Taniguchi v. Schultz</u>, 303 F.3d 950, 955 (9th Cir. 2002); <u>Baeta v. Sonchik</u>, 273 F.3d 1261, 1264-5 (9th Cir. 2001).

1  request for a stay of removal (Doc. #9) is still pending, the transfer of this action to the Ninth
2  Circuit triggers a temporary stay of removal under Ninth Circuit General Order 6.4(c)(1).
3  See Mariscal-Sandoval v. Ashcroft, 370 F.3d 851, 854 (9th Cir. 2004) (filing of a petition for
4  review and request for stay of removal caused a temporary stay to automatically issue).

5  **IT IS THEREFORE ORDERED** Petitioner's Motion to File Late Response (Doc.
6  #18) is **granted**. Petitioner's Motion to Appoint Investigator (Doc. #22) and Motion to
7  Compel Discovery (Doc. #24) are **denied** as moot.

8  **IT IS FURTHER ORDERED** that Respondents' Motion to Transfer (Doc. #11) is
9  **granted** and the Petition and this action shall be **transferred as a petition for review** to the
10 United States Court of Appeals for the Ninth Circuit pursuant to § 106(c) of the REAL ID
11 Act of 2005. The Clerk of Court shall transfer this action forthwith.

13      DATED this 23rd day of September, 2005.

_____
Earl H. Carroll
United States District Judge